FORET, Judge.
Plaintiff, Jessie B. Coker, appeals the dismissal of her worker’s compensation claim against the defendants, State of Louisiana and Sabine Parish. The trial court granted the defendants’ exceptions of no cause of action and no right of action[1]. The issue presented by the plaintiff in this appeal is whether the trial court erred in granting defendants’ exceptions. We affirm the judgment of the trial court.
The plaintiff alleged in her petition that she sustained numerous injuries when she lifted a voting machine while serving as an election commissioner on November 2, 1982, in Sabine Parish. Plaintiff alleged that she was entitled to compensation benefits for total and permanent disability. Sabine Parish answered plaintiff’s suit, denying that plaintiff had been in its employ and was, therefore, not entitled to compensation benefits. Both the State and the Parish then filed peremptory exceptions of no cause of action and no right of action. The State excepted on the grounds that the plaintiff, as an election commissioner, was an “official of the state or a political subdivision thereof” and therefore not entitled to compensation benefits in accordance with LSA-R.S. 23:1034. The Parish excepted on the grounds that, because the plaintiff alleged that she was an election commissioner, she was an “official of the state or a political subdivision thereof” and, therefore, not an employee of the Parish on November 2, 1982.
The trial court, in its ruling on the exceptions, said, in pertinent part:
“..., that although there is certainly compensation shown by a public body, there is really no control and no right to control to any significant degree the activities of the election commissioners. It is a separate office in that scheme of things.... Court does not feel that an election commissioner, such as Mrs. Coker, was under the usual legal definition of an employee due to the mentioned lack of control on the part of either the State or the Parish Police Jury of her activities, .... ”
We agree with the trial court’s conclusion that plaintiff was not an employee of either the State or the Parish.
LSA-R.S. 42:1 defines a public office as follows:
“As used in this title, the term “public office” means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
“Public officer” is any person holding a public office in this state.”
The position of election commissioner is established by LSA-R.S. 18:425. That statute sets out qualifications and classifications, powers and duties, compensation and the requirement that the commissioner take the constitutional oath or affirmation. The powers and duties of the election commissioner are as follows: “The commissioners shall conduct primary and general elections at each polling place, shall enforce the election laws, and shall maintain order at the polling place during the election and *453 the counting and tabulation of votes. A commissioner shall not electioneer, engage in political discussions, or unnecessarily delay a voter at the polling place.” For the performance of these duties, commissioners receive compensation in amounts from $35 to $75, depending on their certification. Additionally, the oath taken by a commissioner is that provided by LSA-Const. Art. 10 § 30 and administered to all other public officials.
This Court, in Cloud v. State, 420 So.2d 1259 (La.App. 3 Cir.1982), writs denied, 423 So.2d 1166 and 1167 (La.1982), decided that a deputy coroner was a public official and not entitled to worker’s compensation benefits. In distinguishing between an employee and a public official, the Court’s discussion was as follows:
“Other cases on the subject have used various tests to distinguish between employees and public officials. When measured by these tests, deputy coroners come out looking like public officials. For example, a public official acts as agent of the State and exercises a portion of the sovereign power. Hryhorchuk v. Smith, 390 So.2d 497 (La.1980); Courville v. Globe Indemnity Co., 63 So.2d 446 (La.App. 1 Cir.1953). Another test is whether the office involves a large degree of independence and the public servant is not under the direct control and supervision of an employer. Hall v. City of Shreveport, 157 La. Ann. 589, 102 So. 680 (1925); Landry v. City of New Iberia, 223 So.2d 922 (La.App. 3 Cir. 1969). A public official makes important policy decisions. Courville, supra. He has no contractual relationship with the State. In the case of McBeth v. Salvation Army, 314 So.2d 468 (La.App. 4 Cir.1975), the court stated: “Under our compensation law, the essence of the employer-employee relationship is a contractual hiring, either express or implied; in the absence of such a relationship, the law is not applicable”. (See also Hall, supra; Jeansonne v. Parish of East Baton Rouge, 354 So.2d 619 (La.App. 1 Cir.1977); Malone and Johnson, Louisiana Workers’ Compensation Law and Practice, § 51 (2nd Edition 1980)). A public official has to meet certain qualifications prescribed by law. Courville, supra. Clearly, Dr. Cloud’s position meets these tests: he derived his authority from legislative enactment and exercised a portion of the sovereign power to the same extent as the Coroner himself; he was completely independent and not under the control or supervision of anyone, not even Dr. Tischler; he made important policy decisions, for example whether or not to commit a person to a mental hospital; he had no contractual relationship with the State; and he was statutorily required to have the same qualifications as the Coroner.” Cloud, at pp. 1262, 1263.
Applying the above analysis to this case, we believe that the plaintiff is a public official under LSA-R.S. 42:1 and is excluded from coverage under the State’s worker’s compensation act pursuant to LSA-R.S. 23:1034(B)[2].
Because we find, from the face of plaintiff's petition, that she was an election commissioner and therefore not a Parish employee or State employee, the trial court correctly granted defendants’ exceptions of no cause of action and no right of action.

“The peremptory exception of no cause of action questions whether the law affords any remedy to the plaintiffs under the allegations of their petition. LSA-C.C.P. 927(A); Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (3rd Cir., 1975).” Concerned Citizens of Rapides 
*454
Parish v. Hardy, 397 So.2d 1063 (La.App. 3 Cir.1981).

Under the allegations of the plaintiff’s petition, she was injured while acting as an election commissioner, which is a public official; therefore, under LSA-R.S. 23:1034(B), the law affords the plaintiff no remedy in worker’s compensation against the State. The exception of no right of action raises the question of whether a remedy afforded by the law can be invoked by this plaintiff. Concerned Citizens, supra, at p. 1070. While the Parish of Sabine provides worker’s compensation benefits to its employees, by virtue of the fact that plaintiff alleged that she was acting as an election commissioner, she was not an employee of the Parish and was, therefore, not entitled to the remedy provided by law to employees of the Parish. We conclude that the trial court properly sustained these exceptions in favor of the respective defendants.
Plaintiff additionally complains that she should have been allowed to amend her petition in order to cure the defect. We do not feel that the trial court erred in not allowing the plaintiff to amend under LSA-C.C.P. Article 934[3]. Such amendment shall be ordered if the grounds of the objection can be removed. How could this plaintiff have removed the grounds for the objection? She was either acting in her capacity as an election commissioner or she was not, and, in either case, she has no remedy against the named defendants.
Accordingly, the judgment of the trial court granting the defendants’ peremptory exceptions of no cause of action and no right of action and dismissing plaintiff's suit, with prejudice, is hereby affirmed.
All costs are to be borne by appellant.
AFFIRMED.

. The State filed an exception of “no cause and/or right of action"; the Parish initially filed an exception of no right of action and then later supplemented by also filing an exception of no cause of action. The trial court granted "the peremptory exceptions filed by the defendants”, making no attempt to distinguish between the two exceptions. However, we think the issues are sufficiently clear that no academic discussion of the differing purposes and rules relating to the two exceptions is required of us, even though the two exceptions have very distinctly different purposes.

. “B. Except as expressly and specifically provided to the contrary in Subsection A hereof, the officials excepted from coverage under the provisions of this Chapter, in Subsection A of this Section, include all public officers as defined by R.S. 42:1. In this regard, sheriffs’ deputies are, under R.S. 42:1, 33:1433, and 33:9001 et seq., appointed public officers and officials of their respective political subdivisions, the parish law enforcement districts."

. "Art. 934. Effect of sustaining peremptory exception
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”