LOTTINGER, Judge.
This is a worker’s compensation suit filed by the surviving husband, individually and on behalf of the surviving minor children, for full compensation benefits as a result of the death of the wife and mother in an automobile accident alleged to have occurred during the scope and course of her employment as a real estate agent for Stan Weber and Associates, Inc. Merrill Lynch Realty, Inc., the successor to Stan Weber and Associates, Inc., filed the peremptory exception raising the objection of no cause of action based on La.R.S. 23:1047.[1] From a judgment sustaining the exception, plaintiff appeals.
I
Plaintiff-appellant contends that La.R.S. 23:1047 unconstitutionally excludes real estate employees from the benefits of worker’s compensation benefits by arbitrarily creating a class of employees denied substantive due process and equal protection and by arbitrarily exempting real estate employeés in direct conflict with legitimate articulated state purposes.
II
Laws are presumed constitutional, and one who claims unconstitutionality must show the statute exceeds the bounds of reasonableness because it is arbitrary or oppressive. City of Lake Charles v. Henning, 414 So.2d 331 (La.1982). Plaintiff-appellant fails to prove his case.
The deceased was not a member of a suspect class, Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971), nor was the deceased denied a fundamental right. Bazley v. Tortorich, 397 So.2d 475 (La.1981).
The exclusion of real estate brokers or salesmen is an economic or social decision by the legislature, and we are of the opinion that it does not exceed the bounds of reasonableness. City of Lake Charles v. Henning, supra. Several groups of individuals are excluded by coverage of the Louisiana Worker’s Compensation provisions: seamen injured upon vessels not registered in Louisiana, R.S. 23:1037; railroad employees injured while engaged in activity related to interstate or foreign commerce, R.S. 23:1037; domestic employees, R.S. 23:1035 B; members of the crew of any airplane engaged in dusting or spraying operations, R.S. 23:1045; independent contractors, R.S. 23:1021(6); public officers, R.S. 42:1 and sheriffs’ deputies, R.S. 23:1047.
Simply, the legislature has placed real estate brokers and salesmen in the same class as independant contractors. Stated another way, the legislature has legislatively designated real estate brokers and salesmen as independent contractors.
This court recognizes that most, if not all, real estate agents work on a commission basis, that due to the nature of the business they work with little or no super *56 vision, that they must remain somewhat independent of their brokers to serve their clients, and that they must often work alone and at odd hours to serve their buyers and sellers. All of these known factors could have been considered by the legislature in its decision to exclude real estate brokers and salesmen from coverage of the Worker’s Compensation Law. We do not find the decision of the legislature to exceed the bounds of reasonableness and conclude that the exclusion is constitutional.
Therefore, the judgment is affirmed at appellant’s cost.
AFFIRMED.

.
A. This Chapter shall not apply to and there is specifically excluded from the operation thereof, any real estate broker or salesman licensed to do business in the state of Louisiana and operating under the auspices of a licensed broker in the state of Louisiana and is working in the course and scope of his real estate business.
B. All rights of employers and employees in tort are reserved to the parties.