498 So.2d 740 (1986)
Michael A. CROSS
v.
Stephanie L. ALEXANDER, Commissioner of Administration For the State of Louisiana, and Herbert L. Sumrall, Director of the Department of State Civil Service.
No. 86-CA-2332.
Supreme Court of Louisiana.
December 9, 1986.
Michael S. Baer, III, C. Scott Cannon, Jerry J. Guillot, for plaintiff-appellant.
Charles L. Patin, Robert L. Boland, Jr., for defendants-appellees.
PER CURIAM.
This is an action to require the Commissioner of Administration to comply with the provisions of La.Acts 1986, No. 144, known as the Early Retirement Incentive and Payroll Reduction Act of 1986. The trial court *741 declared the Act unconstitutional. Plaintiff has appealed directly to this court. La. Const. Art. V § 5(D) (1974).
The purpose and applicability of the Act are set forth in the first two sections of the Act. The next three sections of Act 144 provide for early retirement incentives for state employees. Section 6 of the Act, relative to a freeze in hiring, provides as follows:
"RESTRICTIONS ON EMPLOYEE POSITIONS AND PAYROLL. It is the intention of this legislation to effect, after a necessary period of essential replacements being made, a permanent, substantial reduction in the number of state employees and their resulting payroll. Accordingly, notwithstanding any other provision of law to the contrary, on and after the effective date of this Act, no one shall become employed, including any person retiring under the provisions of this Act, by the state of Louisiana unless such hiring is recommended, on an individual, case by case basis, by the Commissioner of Administration, following the spirit and guidelines of the State Personnel Practices Act, and authorized, again, on an individual case by case basis, by the Joint Legislative Committee on the Budget. Furthermore, any position which is vacated by the retirement of any person retiring under the provisions of this Act shall thereby be abolished, and shall only be reestablished upon the authorization of the Joint Legislative Committee on the Budget, provided that no more than thirty-five percent of the positions abolished may be reestablished in any case, and no employee shall be advanced into such a reestablished position without the authorization of said committee. However, of the positions which are reestablished pursuant to the provisions of this Act, not less than one-half of the reestablished positions shall be reestablished by advancement or promotion of employees from existing positions. Positions which become vacated as a result of advancement or promotion of employees from existing positions shall be ablolished [sic]. Upon such abolishment of a position, the Commissioner of Administration shall reduce the appropriations of the employing agency by an amount equal to the undrawn portion of the salary and related benefits of the position being vacated. Also, with respect to fiscal year 1986-1987, upon such reduction, the Commissioner of Administration shall transfer a sum equal to each such agencies' reduction to the Louisiana State Employees' Retirement System. The budget for the agency shall remain so reduced in future fiscal years, regardless of whether or not the position is ever reestablished as aforesaid. Authorization by the committee shall be upon majority vote of the committee present and voting." (emphasis added)
We conclude that Act 144's prohibition against employment of any person as a state employee by the executive, legislative or judicial branches, without the recommendation of the Commissioner of Administration and the authorization of the Joint Legislative Committee on the Budget, violates La. Const. Art. II § 2 (1974), pertaining to the separation of powers of the three branches of government. In order to lay a due foundation for the separate and distinct exercise of the different powers of government essential to the preservation of liberty, it is evident that each branch has a will of its own; and consequently each branch is so constituted that the members of each have as little agency as possible in the appointment of the members of the others. See The Federalist No. 51 (Jacob E. Cooke ed. 1961); Springer v. Gov. of the Phillipine Islands, 277 U.S. 189, 48 S.Ct. 480, 72 L.Ed. 845 (1928). The executive powers vested by Article IV of the Louisiana Constitution, the judicial powers vested by Article V, and the legislative powers vested by Article III necessarily limit the plenary power of the Legislature to enact employment procedures as outlined in Section 6 of Act 144.
Because Act 144 integrated the incentives for early retirement with a comprehensive *742 plan for a substantial reduction in the number of employees on the state's payroll, Section 6 cannot be severed from the remainder of Act 144. Section 6 is so interrelated and connected with the other provisions of the Act that one cannot logically assume that the Legislature would have enacted one part without the remainder, and the entire enactment is accordingly null.[1]Guidry v. Roberts, 335 So.2d 438 (La.1976); Roy v. Edwards, 294 So.2d 507 (La.1974).[2]
Accordingly, the judgment of the trial court is affirmed.
NOTES
[1] The purpose of Act 144, stated in Section 1, was "to permanently reduce the number of state employees, thereby reducing payroll costs, ... by encouraging voluntary early retirement...., and by restricting the hiring of new employees."
[2] This opinion does not address the rights of those who may have elected to avail themselves of early retirement pursuant to the provisions of Act 144 of 1986.