Dear Mr. Warren:
Our office is in receipt of your letter of December 22, 1994. You have requested our opinion on the following two questions:
 1) Are election poll workers considered to be appointed officials?; and
 2) Is it permissible for election poll workers to be employed by a riverboat casino and also work at the polls?
I. ARE ELECTION POLL WORKERS CONSIDERED TO BE APPOINTED OFFICIALS?
The position of election poll worker, also known as election commissioner, is established by La. R.S. 18:425. The commissioner's are selected and appointed pursuant to La. R.S. 18:433 and 434.
La. R.S. 42:1 defines a public officer as any person holding a public office in this state. The statute defines public office as:
 "As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state." (emphasis added)
The 3rd Circuit Court of Appeal, in the case of Coker v.State of Louisiana, Department of Elections andRegistration, 469 So.2d 451 (1985), has held that an election commissioner is a public official under R.S. 42:1. For the foregoing reasons, the answer to your first question is yes.
II. IS IT PERMISSIBLE FOR ELECTION POLL WORKERS TO BE EMPLOYED BY A RIVERBOAT CASINO AND ALSO WORK AT THE POLLS?
The Louisiana Riverboat Economic Development and Gaming Control Act, prohibits elected officials from participating in certain types of activities. La. R.S. 4:555 sets out the prohibitions as follows:
 "§ 555. Contracts prohibited; gaming operator; public officials; penalties
 A. No elected public official as defined in R.S. 42:1
shall engage in any business activity with a licensee except as a patron.
 B. As used in this Section, business activity shall specifically include but is not limited to contracts:
 1. For the sale or purchase of goods, merchandise, and services.
 2. To provide or receive legal services, advertising, public relations, or any other business or personal service.
 3. For the listing, purchase or sale of immovable property or options or real rights relating thereto.
 4. Modifying ownership or possessory interests in stocks, bonds, securities, or any financial instruments. (emphasis added)
The statute applies to elected public officials as defined in R.S. 42:1. As was noted above, R.S. 42:1 provides that a public official may be either elected or appointed. Because the Riverboat Act specifically refers only to elected
public officials, it is our opinion that election commissioners, who are appointed, are not prohibited from engaging in the business activities described in R.S. 4:555.
Although there may appear to be a conflict between La. R.S. 42:1
and La. R.S. 4:555 the case of Boudreaux v. Terrebonne ParishPolice Jury, 422 So.2d 1209 (La.App. 1 Cir. 1982), held that "when two statutes applicable to the same subject appear to be in conflict, the statute that is more specifically directed to the matter at issue must prevail as an exception to the statute that is more general." See Smith v. Cajun Insulation,Inc. 392 So.2d 398 (La. 1980).
CONCLUSION
The courts have held that election poll workers, or commissioners, are appointed public officials, as defined by La. R.S. 42:1. Further, it is our opinion that the Louisiana Riverboat Economic Development and Gaming Control Act, in particular La. R.S. 4:555, does not prohibit election commissioners from engaging in business activities with licensees.
Hopefully this satisfactorily addresses the questions posed, and if you are in need of further assistance please feel free to call.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 _______________________________ BY: STEPHEN J. LEDET Assistant Attorney General
SJL:lmb