414 So.2d 331 (1982)
CITY OF LAKE CHARLES
v.
Joseph HENNING.
No. 82-KA-0254.
Supreme Court of Louisiana.
May 17, 1982.
*332 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Louis Guidry, City Prosecutor, Peter A. Ciambotti, E. R. Robinson, III, Associate City Attys., for plaintiff-appellant.
Gregory D. Lyons, Lake Charles, for defendant-appellee.
BLANCHE, Justice.
This case involves the constitutionality of the Lake Charles "open container" law. Joseph Henning was stopped by law enforcement officers outside a Lake Charles bar with an open can of beer in his hand. Henning was charged with drinking an alcoholic beverage from an open container in a public place, a violation of Section 3-7(B) of the City of Lake Charles Code of Ordinances. This local law makes it unlawful for any person to drink alcoholic beverages from open containers in or on any public street, sidewalk, park, playground, or any unenclosed public place within the Lake Charles city limits. The ordinance defines "open container" as any metal or glass container on which the seal has been broken, excluding *333 drinking glasses which are packaged and contain no liquid.
Henning filed a motion to quash the bill of information, claiming that the Lake Charles ordinance was vague, overbroad and was applied selectively against minorities. After a hearing on this motion, the trial court struck down the ordinance, finding Section 3-7(B) to be an "unreasonable yoke on the balance of the public at large" and an abuse of the police power. The trial judge was also of the opinion that the ordinance was arbitrarily enforced against minorities, even though Henning abandoned his claim of discriminatory enforcement. Further, the trial judge held that prosecution of all violations of the ordinance would result in a "dry city" and that "you can't go dry without a vote thereon." Because the ordinance was declared unconstitutional, this case comes before us on an appeal of right. Louisiana Constitution, Art. 5, Sec. 5(D)(1).
On appeal, the City of Lake Charles urges that its open container law is a reasonable exercise of the police power and that it clearly defines the kind of conduct prohibited. Further, the City contends that Henning abandoned his claim of selective enforcement and that the record is void of any evidence to support the trial court's conclusion of discriminatory application.
"Police power" denotes the authority of a governmental body to reasonably regulate the actions of its citizens in order to protect or promote the health, safety, morals, peace or general welfare. City of Shreveport v. Curry, 357 So.2d 1078 (La. 1978); City of New Orleans v. State of Louisiana, 364 So.2d 1020 (La.1978). It is well settled that laws are presumed to be constitutional. City of Crowley Firemen v. City of Crowley, 264 So.2d 368 (3rd Cir. 1972), aff. 280 So.2d 897 (La.); Chapman v. City of Shreveport, 225 La. 859, 74 So.2d 142 (1954). As a result, one who claims a violation of due process of law must show that the statute or ordinance exceeds the bounds of reasonableness because it is arbitrary or oppressive. City of Crowley, supra; Curry v. City of Shreveport, supra. See also Harry's Hardware v. Parsons, 410 So.2d 735 (La.1982).
In the present case, the City of Lake Charles contended that the open container law is a reasonable means of promoting its objectives of public safety and community beautification. The trial judge rejected the city's position, finding that other laws already in force would cover instances of littering or disturbing the peace. Further, the judge concluded that enforcement of the ordinance would effectively eliminate the consumption of alcohol within the city's limits. Our review of the record leads us to conclude that the Lake Charles ordinance is a reasonable means of promoting and protecting the general welfare of her citizenry.
The open container law promotes aesthetic considerations and the appearance of the City of Lake Charles. Though the ordinance only prohibits certain public consumption out of metal or glass containers, it is clear that total public consumption will decrease, and the likelihood of discarded containers on the city's streets, sidewalks, parks and other public places will be diminished. The City of Lake Charles might reasonably determine that the conduct prohibited would be unnecessarily offensive to the visual sensibilities and general welfare of its populace and would materially and economically detract from the community. These objectives are a proper subject of legislative concern and the wisdom of this reasonable legislative enactment is not subject to judicial review. Everett v. Goldman, 359 So.2d 1256 (La.1978). See also People v. Finch, 88 Misc.2d 581, 388 N.Y.S. 820 (1976).
We also note that the elimination of open metal or glass containers at certain public places is a legitimate mode of ensuring the health and safety of the community. Besides creating an eyesore, metal and glass containers pose a threat of injury to property as well as to the citizens of Lake Charles. Thus, elimination of certain public use of these potentially dangerous containers promotes the health and safety of the population. Accordingly, we conclude that *334 there is a substantial relationship between the police power invoked and the problems sought to be addressed.
Contrary to the conclusion of the trial court, we are of the opinion that enforcement of the open container law would not result in a "dry city". Under the ordinance, all consumption is not prohibited; only that which occurs in certain specified public places and involves metal or glass containers. Nothing in the regulation prohibits the consumption of alcohol on private property, in a bar or even in a public building. Further, consumption on a public sidewalk, street, park, playground or unenclosed public place is not proscribed as long as the container is not made of metal or glass. As a result, enforcement of the Lake Charles ordinance does not preclude the consumption of alcoholic beverages within city limits.
Moreover, we find the ordinance to be unambiguous as to what conduct it prohibits. The constitutional requirement of definiteness for a regulatory law accompanied by a penal sanction emanates from the due process clause of the United States Constitution and Article 1, Sections 13 and 16 of the Louisiana Constitution. If a statute with criminal sanctions is vague, the crippling constitutional defect is that it does not give individuals adequate notice of the conduct prohibited by law. By the same token, neither does it give adequate standards for those charged with administering the law to follow in determining whether the statute has been violated. State v. Farris, 406 So.2d 614 (La.1982); State v. Dousay, 378 So.2d 414 (La.1979); Schopler, Annotation, Indefiniteness of Language as Affecting Validity of Criminal Legislation or Judicial Definition of Common-Law CrimeSupreme Court Cases, 16 L.Ed.2d 1231 (1966).
As a result, a penal statute must describe unlawful conduct with sufficient clarity so that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. State v. Dousay, supra; State v. Farris, supra; State v. Baker, 359 So.2d 110 (La.1978).
Section 3-7 of the City Code of Ordinances provides, in pertinent part:
(b) It shall be unlawful for any person to drink alcoholic beverages of either high or low alcoholic content from any opened container as defined herein, in or on any public street, sidewalk, park, playground or unenclosed public place within the city limits of the City of Lake Charles.
(c) For purposes of this section, "open container" is defined as any drinking vessel made of metal or glass, upon which the seal has been broken, excluding drinking glasses which are packaged and which contain no liquid.
The ordinance prohibits the consumption of any alcoholic beverage from a metal or glass container in or on any public street, sidewalk, park, playground or unenclosed public place within city limits. Thus, the ordinance under attack clearly defines the kind of conduct and the place of occurrence which are prohibited. In the instant case, Joseph Henning was stopped on a public sidewalk outside a local bar while possessing an open can of beer. Because the words of the ordinance are of common meaning and understanding, we believe that an ordinary man of reasonable intelligence would have no trouble whatsoever in determining that Henning's conduct was prohibited. Moreover, we conclude that those charged with enforcing the law would have adequate standards to follow in determining whether the ordinance had been violated. Cf. State v. Farris, supra.
Finally, we disagree with the trial court's conclusion that the open container law was discriminatorily applied. Initially, we note that Henning's attorney, during the hearing on the motion to quash, unequivocally expressed his client's intention to abandon his claim of discriminatory enforcement. Further, the record is void of any evidence which would support the trial court's conclusion that the ordinance, which is constitutionally sound on its face, was purposely enforced only in the "black" area of Lake Charles. The only evidence concerning police *335 conduct established that enforcement of the ordinance centered heavily upon those areas of the city which voiced complaints concerning violations. The trial judge's holding of unequal enforcement was based on his prior experience in hearing prosecutions, and not on the evidence presented in this case. We conclude that the record does not support the lower court's holding that the ordinance in question is unconstitutional.
Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings.