Dear Mr. Washington:
You requested an opinion as to the lawfulness of a user fee which the Webster Parish Police Jury is assessing for the disposal of garbage in a Parish landfill paid for through taxes levied on its residents. The fee in question is being assessed against commercial users within the Parish, including the Town of Cullen, however, individual residents are not assessed a fee when disposing of garbage at the landfill themselves.
The Webster Police Jury regulation authorizes a tipping fee to be assessed "as necessary to collect revenue for the purpose of funding solid waste operations." The Webster Parish Police Jury is authorized under R.S. 33:4169.1 to engage in the collection and disposal of garbage within the Parish. Further, this provision authorizes the Police Jury to assess a service charge in connection with the collection and disposal of garbage. The above referenced Police Jury regulation is a reasonable means for the exercise of the police jury's powers for the funding of garbage disposal under R.S. 33:4169.1.
States and their political subdivisions are accorded wide latitude in the regulation of their local economies under their police powers. City of N.O. v. Dukes, 427 U.S. 297 (1976). However the application of this regulatory power is limited by the constitutional protections of equal protection and due process of law. La. Const. (1974) Art. 1 §§ 2 and 3, and the U.S. Const. Amendment 14.
The Police Jury regulation providing for a user fee for tipping at the Webster Parish landfill must be applied fairly and in a manner reasonably related to the Police Jury's objective in accordance with due process. City of Lake Charles v. Henning,414 So.2d 331 (La. 1982). The stated objective of this regulation is to collect revenues to fund waste operations (see Regulation 6.4.3.D.1.d. of the Webster Parish Landfill Regulations). Though the residents of Webster Parish currently pay a tax for the building of the landfill, a user fee which is not excessive and not arbitrarily applied would be a valid exercise of police power in furtherance of the Police Jury's objective of raising revenues to fund waste operations.
Your main concern, as indicated in your letter, is in regard to the application of this user fee to the Town of Cullen's use of the landfill and not to individual residents. The pertinent constitutional analysis under equal protection requires that any statute or regulation which is applied differently to delineated classes of people be rationally related in its classifications to the achievement of a legitimate government objective. Kadrmas v. Dickinson Public Schools, 108 S.Ct. 2481 (1988).
The Police Jury regulation requires that a tipping fee be assessed by the Police Jury "as necessary to collect revenue for the purpose of funding solid waste operations." This fee is assessed to "commercial" users of the Webster landfill. Individuals who are residents of the parish are not charged a fee. The classification of Webster Parish landfill users as either commercial or private (residents) is rationally related to the stated goal of raising revenues. See, Swin Resource v. Lycoming County, 883 F.2d 245 (3rd Cir. 1989), holding that higher user fees at a garbage landfill charged to non-local garbage was rationally related to the legitimate purpose of preserving the landfill for local residents' waste.
Residents of Webster Parish already pay a tax for the funding of the landfill. By requiring commercial users to pay a fee, the cost of operating the landfill is borne by all users. Further, the classification of commercial users is rationally related to the raising of revenues because commercial users are the predominant users of the landfill in numbers and in volume.
The classification of the Town of Cullen's garbage disposal as commercial for purposes of a tipping fee is also reasonable. Again, this is rationally related to the collection of revenue because of the volume of waste disposed of by the Town. Though the Town of Cullen does not contract its waste collection and disposal operations out to a private entity, it may still be considered a commercial user for purposes of the landfill tipping fee.
Further, Town of Cullen residents are not paying twice simply because the Town has chosen to implement its own waste collection and disposal. The costs of garbage collection and disposal are borne by the Town which has chosen to carry out this function itself instead of contracting with a private entity or by some other arrangement. This arrangement does not impose an additional expense on residents by the mere fact that the Town, and not a private waste collection entity, is engaged in the collection of garbage. Thus, the tipping fee can validly be assessed against the Town of Cullen as it may be against private waste collection entities contracting with other municipalities or residents within the parish.
It is the opinion of this office that the Webster Parish Police Jury's landfill user fee is a valid exercise of its police power. It is our further opinion that this fee is being applied in a fair and reasonable manner. Lastly, the application of the user fee to commercial users (including the Town of Cullen) and not to private users (residents of the Parish) is a classification rationally related to the Police Jury's stated objective of raising revenues for solid waste operations.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv 0114n