Dear Mr. Book:
You have requested an opinion of the Attorney General regarding the authority of the Catahoula Parish Police Jury (Police Jury) to render solid waste collection and disposal services to businesses within the Village of Harrisonburg (Village).
The parish garbage program is funded by a parish-wide one cent sales tax. The proceeds of the tax are shared with three municipalities on a pro-rata basis based on population. The Village provides door-to-door pick-up, but does not have the truck and/or equipment necessary to service commercial dumpsters.
A resident business owner of the Village has offered to purchase a commercial dumpster and pay the Police Jury a fee for the collection and disposal of garbage. You ask whether this is legally permissible.
The Police Jury is authorized by law to engage in solid waste disposal for the citizens of Catahoula Parish. LSA-R.S.33:4169.1 provides, in pertinent part:
 "The governing authority of every parish or municipality shall have the following powers:
 (1) To engage in the collection and disposal of garbage and trash within its jurisdiction in cooperation with, or to the exclusion of, other garbage and trash collectors.
* * *
 (4) To assess a service charge against any person provided any service pursuant to Paragraphs (1) or (2) . . . .
 (5) To otherwise regulate the collection and disposal of garbage and trash."
The right to collect a reasonable user fee to defray the operating expenses for a waste disposal system is a reasonable means for the exercise of the Police Jury's power to protect the public from disease and to dispose of garbage. As noted above, the imposition of such a fee is an express power granted by the legislature that does not require electoral approval in Catahoula Parish.
While states and their political subdivisions are accorded wide latitude in the regulation of their local economies under their police powers, any regulation imposed by the Police Jury for a user fee must be applied fairly and in a manner reasonably related to the Police Jury's objective in accordance with due process. City of Lake Charles v. Henning, 414 So.2d 331 (La. 1982). Thus, the fee should not be excessive so as to constitute an illegal tax, and should be applicable to all other residents similarly situated and desiring this service. Attorney General Opinion Nos. 92-287, 91-260, 89-311, and 80-82.
Trusting this adequately responds to your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0164R
cc: Hon. John F. Johnston