Dear Mayor Quebedeaux:
You have requested an opinion of the Attorney General regarding the Imani Courts (Imani), a H.U.D. housing project constructed in the Town of Mansura (Mansura) approximately 15 years ago. You state that at the time the property was initially built, it was agreed upon by the management of the Courts and Mansura that a $3.00 per month per unit service fee be paid to cover services provided by Mansura, such as maintenance of sewage lines and garbage pickup. Based on the number of units, the total due Mansura each year was $1,440.00.
The fee was paid for the first 13 years, but has not been remitted by Imani for the past 2 years on the rationale that it is exempt by operation of Article VII, Section 21 of the Louisiana Constitution of 1974. You ask whether Imani's position is legally tenable.
Article VII, Section 21 affords exemption from ad valorem taxation to certain entities which meet the criteria set forth therein. A review of the language affording the exemption reveals no provision whatsoever which would likewise exempt service or user fees. The authority of a town to charge such a fee is clearly established by our legislature.
R.S. 33:4161 defines "revenue producing public utility" as follows:
 ". . . any revenue producing business or organization which regularly supplies the public with a commodity or service, including . . . water, . . . drainage, sewerage, garbage disposal, and other like services . . . ."
R.S. 33:4163 authorizes municipal corporations to sell and distribute the service of the public utility and to establish rates as follows:
 "The municipal corporation . . . may sell and distribute the commodity or service of the public utility within or without its corporate limits and may establish rates, rules and regulations with respect to the sale and distribution."
It has been consistently held by this office that the right to collect a reasonable user fee to defray operating expenses for the municipal services described in your opinion request is a reasonable means for the exercise of the town's powers to protect the public from disease. The imposition of such a fee is an express power granted by the legislature, and does not require electoral approval. It is a fee for a service which the town is not required to provide by law, rather than an ad valorem tax or a sales tax. Attorney General Opinion Nos. 94-30 and 89-311.
While states and their political subdivisions are accorded wide latitude in the regulation of their local economies under their police powers, any regulation imposed by the town for a user fee must be applied fairly and in a manner reasonably related to the town's objective in accordance with due process and equal protection. City of Lake Charles v. Henning, 414 So.2d 331 (La. 1982). Mindful of the due process requirement, this office has consistently opined that a user fee should not be assessable so as to constitute an illegal tax, and should be applicable to all other residences similarly situated and receiving the service(s). Attorney General Opinion Nos. 94-30, 93-582, 92-287, 91-260 and 89-311.
It is, therefore, the opinion of this office that the provisions of Article VII, Section 21 of the Louisiana Constitution of 1974 affording exemption from ad valorem taxation is not applicable so as to afford Imani an exemption from the service or user fee charged by the Town of Mansura. To exempt Imani from the payment of this fee, while charging other residences for the same services being received by Imani could constitute a violation of the Equal Protection and Due Process Clauses of both state and federal Constitutions. In addition, it may also violate Article VII, Section 14 of the Louisiana Constitution.
As noted above, in establishing and assessing these fees, Mansura should be aware of the jurisprudential line delineating a user fee from a revenue raising tax. In an effort to assist Mansura in making this delineation, I am enclosing Attorney General Opinion No. 91-260, which contains an exhaustive discussion of this issue for your reference and convenience.
Trusting this opinion adequately answers your inquiries, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ROBERT E. HARROUN, III Assistant Attorney General RPI/Rob3/bb Enc. 0344R