LPETERS, Judge.
This suit was filed by Charles J. Pasqua, the Executive Director of the Louisiana Municipal Association; John W. Joseph, the Mayor of the City of Opelousas; L. Leo Quebedeaux, the Mayor of the Town of Ar-naudville; and Harold Taylor, the Mayor of the Village of Palmetto. The plaintiffs sought and received certification pursuant to Louisiana Code of Civil Procedure article 598.1 as representatives of the class of individuals residing in the incorporated municipalities situated in St. Landry Parish who pay the sales tax imposed by the State of Louisiana upon the retail purchase of gasoline, motor fuels, and/or special fuels. The defendants in this class action are the St. Landry Parish Police Jury and the State of Louisiana. The plaintiffs allege that the St. Landry Parish Police Jury has arbitrarily denied the incorporated municipalities of St. Landry Parish the right to share in the funds derived from the Parish Transportation Fund Act and seek both a declaratory judgment and injunctive relief. This appeal arises from the granting of Ran exception of no cause of action in favor of both defendants by the trial court.
FACTS
In 1974, the state legislature enacted the Parish Transportation Fund Act, Louisiana Revised Statutes 48:751 et seq., which was designed to allocate monies to each of the state’s sixty-four parishes for the maintenance and construction of roads, ditches, and bridges within each of the parishes. The funding for the allocation is derived from the Parish Transportation Trust Fund which is comprised of excess revenues earned from taxes levied on the sale of gasoline, motor fuels, and special fuels. The monies in that fund are distributed to the parish governing authorities on a per capita basis in population. La.R.S. 48:756(A)(1). Under the provisions of the Act, each parish governing authority has the discretion to apportion the money to appropriate projects throughout its parish. La.R.S. 48:753(E). In addition, the Act also provides that:
[A] parish governing authority, upon request of the governing authority of any incorporated municipality within the parish, may perform all or any part of the repair, maintenance, and care of roads, streets, alleys, bridges, and culverts and other drainage facilities, situated within and under the jurisdiction of such incorporated municipality.
La.R.S. 48:753(A)(5) (emphasis added).
The class action plaintiffs are seeking declaratory and injunctive relief including, among other things:
1. A judgment of this Court (the trial court) declaring and decreeing that:
a. Roads located within incorporated municipal limits are eligible for monies from the Parish Transportation Trust Fund;
b. The defendants improperly and illegally denied the requests for such funds by the cities of Opelousas, Arnaudville, Palmetto and other incorporated municipalities within the Parish; and
c. The defendants’ disproportional allocation of such funds to Lroads located outside of the municipal limits of the incorporated municipalities within the Parish is illegal and in violation of the equal protection clauses of the Louisiana Constitution and/or the Constitution of the United States.
The plaintiffs also seek an injunction preventing the police jury from expending any funds from the Parish Transportation Fund unless the money is distributed on either a per capita basis or on a ratio of miles within incorporated municipalities to roads not within incorporated municipalities, or unless the parish provides equivalent “in kind” services to the municipality.
The defendants filed exceptions of no cause of action which were granted by the trial court, thereby giving rise to this appeal.
*433 ANALYSIS
The defendants contend that the plaintiffs’ petition fails to state a cause of action in that the allegations do not support an equal protection claim nor a claim for the improper delegation of legislative authority. While we agree that the petition fails to allege an equal protection violation, we do not find that the petition fails to state a cause of action.
The function of an exception of no cause of action is to test the legal sufficiency of the petition. La.Code Civ.P. art. 927(4); Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). The court must review the petition, and accepting the well-pleaded allegations of fact as true, must determine whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Id. The exception must be overruled unless the plaintiff has no cause of action under any evidence admissible under the pleadings. In other words, if the petition states a cause of action under any set of facts or as to any ground or portion of demand, the exception of no cause of action must be overruled. Citizens Organized for Sensible Taxation (C.O.S.T.) v. St. Landry Parish School Board, 528 So.2d 1048 (La. App. 3d Cir.1988). In addition, a party is not required to select a “theory of the case” or defense and adhere to it throughout the litigation. See La.Code Civ.P. art. 862; First South Production Credit Association v. Georgia-Pacific, 585 So.2d 545 (La.1991). Therefore, the court may grant any relief to which the party is entitled as long as the facts constituting the claim are sufficiently alleged in the petition. Id.
The trial court found that the plaintiffs’ petition failed to allege a constitutional violation. In doing so, he reasoned that:
Unless the fundamental rights, privileges and immunities of a person are involved, there is a strong presumption that the legislature, in adopting a statute, has acted within constitutional boundaries. Dir. of La. Recovery Dist. v. Taxpayers, 529 So.2d 384 (La.1988); State v. Griffin, 495 So.2d 1306 (La.1986); City of Lake Charles v. Henning, 414 So.2d 331 (La. 1982). The presumption is especially forceful when statutes are enacted to promote a public purpose. Interstate Oil Pipe Line Co. v. Guilbeau, 46 So.2d 113 (La. 1950). The party claiming such a statute to be unconstitutional has the burden of demonstrating clearly that the legislation does not further a legitimate state interest, and any doubt as to the constitutionality of the legislation must be resolved in its favor. Griffin, supra; State v. Gisclair, 363 So.2d 696 (La.1978); City of Lake Charles v. Chaney, 468 So.2d 1191 (La.1985).
The statutes attacked by plaintiffs concern the distribution and allocation of funds which are to be used on road projects within the parish and should therefore be regarded as promoting a public purpose. Pursuant to Interstate Oil Pipe Line Co., the forceful presumption that the legislature, in adopting a statute, has acted within its constitutional powers is especially strong when statutes are enacted to promote a public purpose. Further, it is plaintiffs’ duty to prove clearly that the statutes are invalid or unconstitutional. Griffin, supra. Plaintiffs have not done so in the case at hand. Hence, any doubt concerning the constitutionality of the legislation must be resolved in its favor.
In further support of the trial court’s finding we note State ex rel. Guste v. K-Mart Corporation, 462 So.2d 616 (La.1985), in which the supreme court stated,
The Fourteenth Amendment gives substantial latitude to the individual states in promulgating laws through their police power. State laws may be constitutional even if they create classifications of the affected constituency and result in uneven treatment to the different statutory classes. The legislature’s wisdom in enacting such discriminatory laws Rwill not be overridden if “any set of facts reasonably may be conceived to justify [the laws].”
Such justification is usually determined by an analysis of the law’s purpose and of the means by which the purpose is carried out. If the purpose or effect of the statute is to discriminate against so-called suspect classifications, such as race or alienage, or involves a constitutionally protected area such as freedom of expression, the laws will be strictly scrutinized. If such suspect *434 classifications are not involved, then the statutory means need only be rationally related to a legitimate statutory end.
Id. at 618, 619 (citations omitted).
Based on this reasoning, the fact that the Parish Transportation Fund Act treats incorporated municipalities in a different manner in which it treats the unincorporated areas is not a constitutional violation because the distinction is not based on a “suspect classification” such as race or religion. As the defendants argue, this legislation is merely a “rational and appropriate method for providing funds to the citizens of St. Landry Parish through its Parish Government, for the maintenance and construction of Parish Roads and if desired, the same expenditure on the roads located in incorporated municipalities.”
Despite our finding that the Parish Transportation Trust Fund Act does not result in a violation of the plaintiffs’ equal rights, we do find the class action states a cause of action against the St. Landry Parish Police Jury. A police jury is a parish governing body that exercises legislative and executive functions as a political subdivision of the state. McIntosh v. Madison Parish Police Jury, 554 So.2d 227 (La.App. 2d Cir. 1989); Lake Charles Harbor & Terminal District v. Calcasieu Parish Police Jury, 613 So.2d 1031 (La.App. 3d Cir.1993). As such, the court will not interfere with the functions of a public body nor with the exercise of discretion vested with it unless such body abuses its power by acting in an arbitrary and capricious manner. Coliseum Square Association v. City of New Orleans, 544 So.2d 351 (La.1989). A public body acts “capriciously” if it reaches a conclusion _[¿which is rendered with no substantial evidence to support it, or the conclusion is contrary to substantiated competent evidence. Id. A public body acts “arbitrarily” if a decision has been made without due regard for or the proper weight of the evidence. Id.
The pertinent allegations of the plaintiffs’ petition read as follows:
20.
The Parish disproportionately and exclusively allocated the funds derived from the Parish Transportation Trust Fund to roads outside of the municipal limits of the incorporated municipalities to the exclusion of roads located within the limits of the incorporated municipalities, including the Cities of Opelousas, Arnaudville and Palmetto.
21.
The Parish has denied requests for Trust Fund money made by incorporated municipalities.
22.
The Parish has denied requests for “in kind” services made by incorporated municipalities.
23.
Incorporated municipalities, or certain of them, have requested financial aid in accordance with the Parish Transportation Fund Act, La.R.S. 48:751-762.
24.
The Parish categorically denied such requests in reliance upon La.R.S. 48:753, such that the grounds for its actions are generally applicable and affect each member of the class in the same manner.
25.
The incorporated municipalities within the Parish and the individual named plaintiffs, because they live and reside in them respective incorporated municipalities, are deprived funds generated by the Tax to repair the roads within their municipalities, while at the same time all individual plaintiffs have paid and continue to pay the tax which supports the fund and which comprises the monies denied them.
Based on the well-pleaded allegations of fact, a claim for an abuse of 17discretion by the St. Landry Parish Police Jury in its method of appropriation of the Fund has been established.
In addition, the plaintiffs’ petition also establishes a potential claim for noncompliance with the statutory requirements of the Parish Transportation Fund Act. Louisiana Revised Statutes 48:755(A) provides that *435 each parish shall adopt a system of road administration inclusive of -parish roads in municipalities. In this case, the Parish Maintenance & Field Operational Manual provides the procedure for expending funds within a municipality, but the plaintiffs allege that the police jury has rejected all municipality requests. Louisiana Revised Statutes 48:761 provides a remedy for the misuse of funds or the noncompliance with the statutory requirements. According to that provision of the Act, the police jury would be subject to sanctions in the form of a withholding of future revenue disbursements to the St. Landry Parish Transportation Fund.
Because-we find that the plaintiffs’ petition states a cause of action against the St. Landry Parish Police Jury for an abuse of discretion granted under the Parish Transportation Fund Act and for a possible violation of its administrative procedures, we reverse the ruling of the court below as to the exception of no cause of action filed by the St. Landry Parish Police Jury and remand for further proceedings in accordance with this opinion.
CONCLUSION
The judgment of the trial court granting the exception of no cause of action on behalf of the State of Louisiana is affirmed. The judgment of the trial court granting the exception of no cause of action on behalf of the St. Landry Parish Police Jury is reversed and this matter is remanded for further proceedings. Costs of this appeal are taxed equally between the plaintiffs and the St. Landry Parish Police Jury.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.