Dear Mr. Alexander:
You have requested an opinion of the Attorney General, in your capacity as legal advisor to the Cameron Parish Sewerage and Water Board for District No. 1. You state that, as the result of its operations over the past few years, a surplus of funds has been accumulated by the Board from its normal operations. You specifically ask whether there is a limit on the amount of funds that can be accumulated by the Board and, if so, what is the limit and how is it determined.
R.S. 33:4067 establishes the Board and vests in it all the powers and duties granted boards of waterworks districts and sewerage districts enumerated in R.S. 33:3811, et seq., and 33:3881, etseq., respectively. Among these powers is the authority to set water rates pursuant to R.S. 33:3820:
 § 3820. Water rates
 The commissioners of a waterworks district may fix the rates at which it will supply water to persons within as well as outside the district and may dispense water from its waterworks system upon a flat rate or upon a meter rate. The cost of connecting and installing meters shall be borne entirely by the person using them.
As can be gleaned from the above, Section 3820 clearly states that the authority to fix water rates is vested in the commissioners of the water district. Attorney General Opinion No. 80-720.
This office has held that the right to collect a reasonable user fee (e.g., water user fee) to defray the operating expenses for services provided is a reasonable means for the exercise of a governmental entity's power to protect and preserve the health and welfare of its citizens. Attorney General Opinion No. 93-582. The imposition of such a fee is an express power granted by the legislature and does not require electoral approval. However, while states and their political subdivisions are accorded wide latitude in the regulation of their local economies under their police powers, any regulation imposed by the governmental entity for a user fee must be applied fairly and in a manner reasonably related to the entity's objective in accordance with due process.City of Lake Charles v. Henning, 414 So.2d 331 (La. 1982). Thus, the fee should not be excessive so as to constitute an illegal tax, and must be applicable to all residents similarly situated and desiring this service. Attorney General Opinion Nos. 93-582, 92-287, 91-260, 89-311 and 80-82. We believe the answer to your query is contingent upon whether the fee being charged by the Board is a regulatory fee or an illegal tax.
The distinction between a fee and a tax is discussed in AudubonInsurance Company v. Bernard, 434 So.2d 1072 (La. 1983). In accordance with that decision, if the imposition of a charge or fee by a government has not as its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote the general public welfare, it is an exercise of the police power. If, however, revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax.
In City of Lake Charles v. Wallace, 247 La. 285, 170 So.2d 654
(1965), the validity of a municipal ordinance imposing a service charge was challenged. On rehearing, the Court expanded its ruling and concluded:
 A state or one of its subdivisions frequently receives income from sources other than taxation, so that all forms of public revenue cannot with accuracy be called taxes. Thus, a city or town is frequently authorized to furnish some form of public service for profit, or at least for compensation. Such charges are not in any just sense taxes. Thus, it is well settled that the charges made upon consumers by municipal waterworks are not taxes, but merely the price paid for commodity sold. Nor may the following exactions be regarded as taxes . . . a fee charged for . . . removing garbage. . . .
 . . . Because the city charges a fee, and it may be hence argued that some incidental revenue would come to the municipality, does not convert the ordinance into a revenue measure. . . . Collection and disposal of refuse gathered by the city resulting in some small incidental revenue creates no municipal liability.
* * *
 We do not find that the instant charge assessed for the collection and disposal of garbage is a tax; it is a service charge. The fact that revenue was received from the collection of such service charge levied under the police power of the city . . . does not ipso facto convert the ordinance into a tax measure.
As can be gleaned from the above, a service charge does not constitute a tax merely because revenue was received from the collection of same. A fee is a tax if the imposition clearly andmaterially exceeds the cost of the special benefits conferred. Attorney General Opinion No. 91-260.
It is the opinion of this office, based on the above, that it is within the general police power of the Board to set and collect water user fees which generate sufficient revenues to carry out its operations. Further, as long as the revenues generated are merely incidental to the Board's operations, a reasonable/occasional surplus is permissible. If, however, revenue is the primary purpose for the fee, or if the imposition clearly and materially exceeds the cost of regulation, the imposition and resulting surplus constitutes and illegal tax.
Trusting this adequately responds to your inquires, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/cla
Date Received:
Date Released:
Robert E. Harroun, IIIAssistant Attorney General