Dear Mr. Courcelle:
We received your request regarding the City of Harahan's authority to bill the citizens of Harahan for an increase in garbage collection costs and specifically issue our opinion on the following issues:
 1. Whether the City of Harahan can unilaterally bill the increase in garbage collection costs to the citizens of Harahan without a vote by the electorate and without a vote by the council?
 2. Whether the increase in garbage collection costs is a tax?
 3. Whether the City of Harahan can exempt all citizens over the age of 65 from paying the increase in garbage collection costs?
ISSUE NO. 1.
La. R.S. 33:4169.1 provides that the governing authority of every parish or municipality has the power to engage in the collection and disposal of garbage and trash within its jurisdiction and to assess a service charge against any person provided any service pursuant to the statute. This office has consistently opined that the collection of a reasonable service charge to defray the operating expenses for solid waste collection and disposal is a reasonable exercise of a governing authority's power to protect and preserve the health and welfare of its citizens. Atty.Gen.Op. Nos. 98-504, 98-401 and 93-582. The imposition of such a fee is an express power granted by the legislature which does not require electoral approval.
The Harahan municipal code, specifically Section 19-40, provides for the collection and disposal of garbage and trash. Subsection (c) specifically gives authority to the City of Harahan to bill the residents and users of garbage and trash collection and disposal for any increase in the cost of garbage and trash collection. Thus, it is our opinion that the City of Harahan can bill the increase without a vote by the council.
ISSUE NO. 2.
The increase in garbage collection would be considered a fee, not a tax. Generally, Louisiana jurisprudence holds that if the imposition of a charge or fee is incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power. However, if revenue is the primary purpose for an assessment and regulation is merely incidental or if the imposition clearly and materially exceeds the cost of regulation, the imposition is a tax. Audubon Insurance Co., v. Bernard,434 So.2d 1072 (La. 1983). This same principle applies specifically to the collection and disposal of solid waste. City of LakeCharles v. Wallace, 170 So.2d 654 (La. 1965). Thus, as long as the increase assessed to the citizens does not clearly and materially exceed the costs incidental to the collection and disposal of solid waste, the increase is a fee.
ISSUE NO. 3.
We previously opined that a parish may not exempt residences and businesses within a municipality from the payment of a user fee for garbage and trash collection when the fee is being assessed to and collected from all of the residences and businesses located within the parish. Atty.Gen.Op. No. 94-30. A user fee must be applied fairly and in a manner reasonably related to the governing authority's objective in accordance with due process and equal protection. City of Lake Charles v.Henning, 414 So.2d 331 (La. 1982).
Although Article VII, Section 14(A) of the Louisiana Constitution of 1974 prohibits political subdivisions from loaning, pledging or donating public funds, credit, property, or things of value to or for any person, firm, or corporation, Section 14(B) specifically authorizes the use of public funds for programs of social welfare for the aid and support of the needy. Thus, while it is the opinion of this office that all citizens over the age of 65 may not be exempt from the increase of the service fee for garbage collection, the City of Harahan may be able to provide some type of assistance to those who can be classified as needy. Clearly, there would need to be some type of objective criteria to properly identify those who are needy. Atty.Gen.Op. No. 96-109.
We trust that this answers your request. If you need further assistance, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: TINA VICARI GRANT
Assistant Attorney General
RPI:TVG:jv