Dear Ms. Glasper:
You have requested an opinion from the Attorney General in your capacity as legal advisor to the Madison Parish Police Jury (Police Jury). You first ask whether the Police Jury has the authority to exempt residents from user and/or service fees for water, sewer and garbage collection services.
As you are aware, the Police Jury has the statutory authority to assess and collect user fees from its residents for water (R.S. 33:3820), sewerage (R.S. 33:3885) and garbage collection [R.S. 33:4169.1(A)(4)].
While states and their political subdivisions are accorded wide latitude in the regulation of their local economies under their police powers, any regulation imposed by the Parish for a user fee must be applied fairly and in a manner reasonably related to the Police Jury's objective in accordance with due process and equal protection, City ofLake Charles v. Henning, 414 So.2d 331 (La. 1982). Mindful of this due process requirement, we have consistently opined that a user fee should not be so excessive as to constitute an illegal tax, and should be applicable to all residences similarly situated. Attorney General Opinion Nos. 94-30, 93-582 and 89-311.
We also direct your attention to Article VII, Section 14(A) and (B) of the Louisiana Constitution of 1974, which provide, in pertinent part, the following:
 Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property or things of value of the state or of any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private.
 (B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy.
It is the opinion of this office that the receipt of such services without payment of the user fees would constitute a violation of Article VII, Section 14(A). Obviously, if these services are not provided to the residents, there is no obligation to pay for same.
As noted above, Section 14(B) of Article VII, recognizes the use of public funds for programs of social welfare for the aid and support of the needy. While this provision authorizes the granting of exemptions from the payment of these fees, it applies to formal programs adopted by the Police Jury which would assist only those individuals falling within the category of "needy" as measured against objective criteria. Attorney General Opinion No. 99-208.
Opinion Number 99-208 further concluded that a political subdivision could institute a credit policy relating to water usage, but only in those cases where loss occurs on the public entity's side of the meter, or as a result of damage to the customer's water pipe(s) was caused by the political subdivision. However, a credit policy could be implemented for the sewerage fee due to water escaping from an undetected leak on the customer's side of the meter because the escaping water does not run through the political subdivision's sewerage system, but rather is returned through runoff into the ground water and storm drainage system.
We note from your request that the Police Jury is billing residents for delinquent fees. We recommend that, when doing so, reference be given to the statutory provisions governing prescription, where applicable. Attorney General Opinion No. 84-361.
Your second question relates to the sale of various properties adjudicated for taxes to the Parish of Madison. You specifically ask whether these properties can be sold, with the proceeds being applied to an outstanding civil judgment against the Parish. In answer to your question, I refer you to R.S. 33:2866 and Article VII, Section 25(B)(1), which provide as follows:
 § 2866. Sale after expiration of redemption period
 The parish or municipality may, after the expiration of the period fixed by law for the redemption of the adjudicated property, sell the property in the manner and on the terms provided in this Subpart. (Emphasis added.)
 § 25. Tax sales
 * * *
 (B) Redemption. (1) The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption. (Emphasis added.)
As can be gleaned from the above, after the expiration of the three-year period for the redemption of the adjudicated property, the Police Jury may sell the property. Sale of the property should proceed in accordance with the provisions set forth in R.S. 33:2861 through 2876. Once the property has been sold, the proceeds therefrom may be applied to satisfy the outstanding civil judgment against the Police Jury. The budget for the Parish should be amended to reflect the revenues derived from the sale, as well as the expenditure in satisfaction of the judgment.
Questions pertaining to the Parish budget may be directed to the Office of the Legislative Auditor at (225) 339-3800.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj