JjSAUNDERS, Judge.
This appeal arises from a judgment for damages as a result of personal injuries. The trial court awarded $30,000 general damages and $5,331.25 medical damages to plaintiffs. ' Defendants appeal the trial court’s finding of fault and the amount of damages awarded. We affirm.
FACTS
Plaintiffs instituted this suit against defendants claiming damages for injuries sustained by Andre Caubarreaux while test riding a horse owned by George and Mary Free. On May 16, 1999, plaintiff, Andre Caubarreaux noticed an advertisement in the newspaper which stated, “Gaited paint horse, 2^ years anyone can ride, $1,200.” Because of his interest in obtaining the horse, Mr. Caubarreaux called Mr. Free to inquire about it. Mr. Caubarreaux informed Mr. Free he was interested in a horse that was extremely safe so his daughter could ride it. In the course of the conversation, Mr. Free informed Mr. Caubarreaux that the horse was very gentle and that his five-year-old grandson had ridden it. Subsequently, Mr. Free invited Mr. Caubarreaux to his residence to view the horse and Mr. Free accepted.
Upon arriving at the Free residence, Mr. Free greeted Mr. Caubarreaux and showed him the horse that was tied to a tree in his front yard. After a visual inspection, Mr. Free agreed to let Mr. Caubarreaux test ride the animal. Upon mounting the horse, Mr. Caubarreaux immediately noticed that it was nervous and unresponsive. Once Mr. Free unsnapped the halter, the horse started going side-to-side and crow hoping uncontrollably. Mr. Caubarreaux was able to regain control of the horse after a few seconds. Before Mr. Caubarreaux was able get off of the horse, Mr. Free approached it with a stick in his hand with the intent to either whip or scare [ 2the animal. As he approached, the *605 horse bucked violently and reared back falling on Mr. Caubarreaux.
Mr. Caubarreaux sustained bruising, a broken collar bone, a rib fracture, and wrist and hand injuries. Immediately following the accident, he sought treatment at Rapides General Hospital where Mr. Caubarreaux was diagnosed with a non-displaced left clavicular fracture and given morphine for the pain. The next day, Mr. Caubarreaux went to see his family physician, Dr. Plauche in Marksville, who diagnosed him with a rib fracture in addition to the clavicle fracture and prescribed vicadin for pain. Dr. Plauche referred Mr. Cau-barreaux to Dr. Slaughter, an orthopedist, who confirmed Dr. Plauche’s diagnoses. Because of his injuries, Mr. Caubarreaux had to wear a figure-of-eight splint for three months. No surgery was required.
A nonjury trial on the merits resulted in a finding of fault on the part of the defendants. A judgment in favor of plaintiffs in the amount of $30,000 for general damages and $5,331.25 for medical expenses was signed on December 11, 2000. Defendants are appealing the judgment asserting three assignments of error.
DEFENDANTS URGE THE FOLLOWING ASSIGNMENTS OF ERROR:
1. The trial court erred in awarding plaintiffs damages without any finding of fault or negligence on the part of the defendants.
2. The trial court erred in failing to apply the provisions of Civil Code art. 2321 to the facts.
3. The trial court erred in awarding excessive damages.
Law and Analysis
| ¡¡Standard of Review:
A court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Petre v. State ex rel. Dept. of Transp. and Development, 2000-00545 (La.App. 3 Cir. 12/29/00); 775 So.2d 1252; citing Rosell v. ESCO, 549 So.2d 840 (La.1989). A reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding. Mart v. Hill, 505 So.2d 1120 (La.1987). The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Id.
Nevertheless, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Petre, 775 So.2d 1252; see generally Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990). Although deference to the fact-finder should be accorded, the court of appeal and the Louisiana Supreme Court, nonetheless, have a constitutional duty to review facts. Olivier v. Allstate, 95-306 (La.App. 3 Cir. 10/14/95); 663 So.2d 207.
Defendant’s First Assignment of Error:
Defendants urge that the trial court erred because it awarded damages to plaintiffs without a finding of fault or negligence on the part of defendants. In support of this assignment, defendants argue that evidence in the record does not show any prior misbehavior or erratic behavior by the horse nor any knowledge by the defendants of any such behavior. We find this argument without merit.
|4The record reveals that the horse was young, was not properly trained, would crow hop, and was at most green broke. Realizing that the horse needed further training, Mr. Free sent the horse to a local *606 trainer. However, Mr. Free picked up the horse before the training was complete. Thus, the horse was not completely trained and could not be ridden by anyone. These facts reveal that Mr. Free knew of the problems with the horse but yet advertised it as a gentle trained horse.
Additionally, if not for the actions of Mr. Free, Mr. Caubarreaux could have avoided injury. The record reveals that prior to Mr. Free approaching the horse with the stick, Mr. Caubarreaux had regained control of the animal. If Mr. Free had stayed away from the horse, Mr. Caubarreaux would have been able to carefully dismount and avoid any injuries. In light of the record, we find the trial court’s ruling to be reasonable. Accordingly, we affirm the trial court’s finding in favor of plaintiffs.
Defendant’s Second Assignment of Error:
Defendants allege that the trial court erred in failing to apply the provisions of Civil Code art. 2321 to the facts of this case. La.Civ.Code art. 2321 states in pertinent part:
The owner of an animal is answerable for the damages caused by the animal. However, he is answerable for the damage only upon showing that he knew or, in the exercise of reasonable care, should have known that this animal’s behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care ...
The record reveals that Mr. Free’s horse was acting erratically before Mr. Caubarreaux was injured. Upon mounting the horse, Mr. Caubarreaux noticed that the horse was nervous and began moving from side-to-side. He asked Mr. Free what was wrong with the horse and Mr. Free responded by adjusting the horse’s bridle. |sOnce the horse was unsnapped from its halter, it immediately began to act in a nervous manner that was uncontrollable by Mr. Caubarreaux. Instead of attempting to calm the horse to ensure the rider’s safety, Mr. Free responded by breaking off a stick from a nearby tree and attempted to either whip or scare the horse while Mr. Caubarreaux was still on it. Mr. Jonathan Paul (Mr. Free’s horse trainer) testified that he never uses a whip during his training because horses get scared and jump away from you like you where a “predator or something.”
The record illustrates Mr. Free had notice that the animal’s behavior would cause damage to the rider. Although Mr. Free claims that the animal had not acted up previously, when he unhooked the halter and the animal started to misbehave Mr. Free was put on notice that the animal’s behavior would cause damage to Mr. Cau-barreaux. Although Mr. Free’s notice was short, it was very real. By appropriating a stick to either whip or scare the horse after having been put on notice of the animal’s behavior, Mr. Free failed to use reasonable care to prevent damage to Mr. Caubarreaux. Furthermore, had Mr. Free used reasonable care in calming the horse and thereby allowing Mr. Caubarreaux to dismount, Mr. Caubarreaux’s damages could have been prevented.
In its reasons for judgment, the trial court stated that it principally applied La. Civ.Code art. 2315 which is the general negligence law of Louisiana. In their petition, plaintiffs assert remedies under La. Civ.Code art. 2315 and/or La. Civ.Code art. 2321. La.Code Civ. P. art. 892 provides that a petition may set forth two or more causes of action in the alternative. Moreover, La.Code Civ. P. art. 862 allows the court to grant any relief to which the party is entitled as long as the facts constituting the claim are sufficiently alleged in the petition. Pasqua v. St. Lan *607 dry Parish Police Jury, 94-01196 (La.App. 3 Cir. 3/1/95); 651 So.2d 430.
Because the plaintiff asserted two alternative theories of liability, the trial court was free to grant relief based on either theory. Furthermore, because the record reflects that Mr. Free had notice, failed to use reasonable care and if he had used reasonable care the injuries to Mr. Cau-barreaux could have been prevented, the trial court could have found Mr. Free liable under either art. 2315 or art. 2321.
After a thorough review of the record, we find that the trial court’s finding of liability under La. Civ.Code art. 2315 was reasonable. Accordingly, we find no manifest error in the trial court’s failure to expressly address art. 2321 in its ruling.
Defendant’s Third Assignment of Error:
In their third assignment of error, defendants urge that the trial court erred in awarding excessive damages. The law in this circuit is well established. “General damages are those which cannot be fixed with pecuniary exactitude; they involve mental or physical pain and suffering, inconvenience, loss of intellectual gratification, or other losses of life or lifestyle which cannot be definitely measured in monetary terms.” George v. Wal-Mart Stores, Inc., 98-850 (La.App. 3 Cir. 12/9/98); 722 So.2d 119, 124; Craven v. Universal Life Ins. Co., 95-1168 (La.App. 3 Cir. 3/6/96); 670 So.2d 1358, 1368, writ denied, 96-1332 (La.9/27/96); 679 So.2d 1355. The discretion vested in the trier of fact in awarding general damages is great, and even vast, so that an appellate court should rarely disturb an award of general damages. Petre, 775 So.2d 1252; Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). “It is only when the award in beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances of a case that the appellate court should increase or reduce the award.” Petre, 775 So.2d at 1266.
In light of the principals set forth by this circuit and our supreme court, we cannot say that the trial court abused it “much discretion” by setting the award for general damages at $30,000. The record reveals that Mr. Caubarreaux suffered bruising, a broken collarbone, a broken rib, and wrist injuries. In accordance with court orders, Plaintiff submitted medical depositions and medical records to the court for review six days prior to trial. Upon review of the medical evidence submitted and the testimony at trial, the trial court awarded damages. In its reason for judgment, the court stated that these were painful injuries requiring three months for recovery.
After a thorough review of the record, we feel the award by the trial court is not beyond that which a reasonable trier of fact could assess. Accordingly, we find no error by the court in awarding plaintiffs general damages in the amount of $30,000 and medical expenses in the amount of $5,331.25.

Decree:

For the foregoing reasons, we affirm the trial court’s judgment in all respects. All costs are assigned to defendants.
AFFIRMED.