JjDENNIS R. BAGNERIS, Sr., Judge.
The defendant/appellant, the City of New Orleans, Department of Finance, Bureau of the Treasury, and the plain-tiffiappellee, Gregory P. Nichols, filed cross Motions for Summary Judgment in Civil District Court for the Parish of Orleans that were heard on February 6, 2004. The appellant now appeals the judgment of the district court granting the Motion for Summary Judgment on behalf of Mr. Nichols and denying its motion. We affirm.
On May 23, 2003, Mr. Nichols began purchasing a home pursuant to a Bond-for-Deed contract. Errol Williams, in his capacity as tax assessor for the Third District of Orleans Parish [1] denied Mr. Nichols’ application for a homestead exemption for 2004. Mr. Nichols maintains that he is the sole occupant of the purchased dwelling and that the dwelling is his residence.
Mr. Nichols filed a Petition for Declaratory Judgment. Both parties then filed cross Motions for Summary Judgment wherein the district court concluded that Mr. Nichols is the owner and occupant of the subject property. It is from this judgment that the City filed this timely appeal.
Lin its sole assignment of error, the City argues that the district court erred in maintaining the Motion for Summary Judgment filed by Mr. Nichols, granting Mr. Nichols a homestead exemption, and denying the City’s Motion for Summary Judgment. More specifically the City argues that La. C.C. art 477(B), discussed infra, does not constitutionally allow Bond-for-Deed purchasers to be eligible for a homestead exemption.
The trial court decided this matter solely on an issue of law. The standard of review is de novo as to whether the decision was legally correct or incorrect. Landry v. Blaise, Inc., 1999-2617 (La.App. 4 Cir.2000) 774 So.2d 187.
Article VII, Section 20(A)(1) of the Louisiana Constitution provides in pertinent part:
The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract whether rural or urban, owned and occupied by any person, shall be exempt from state, parish, and special ad valo-rem taxes to the extent of seven thousand five hundred dollars of the assessed valuation. The same homestead exemption shall also fully apply to the primary residence, including a mobile home, which serves as a bona fide home and which is owned and occupied by any person, regardless of whether the homeowner owns the land upon which the *583 home or mobile home is sited; however, this homestead exemption shall not apply to the land upon which such primary residence is sited if the homeowner does not own the land, (emphasis added)
La. Civil code art. 477(B) provides:
A buyer and occupant of a residence under a bond for deed contract is the owner of the thing for purposes of the homestead exemption granted to other property owners pursuant to Article VII, Section 20(A) of the Constitution of Louisiana. The buyer under a bond for deed contract shall apply for the homestead exemption 13each year, (emphasis added)
Nothing in the record reveals that there is a dispute as to the type of property purchased by Mr. Nichols or a dispute as to its use. Therefore, we conclude that the property is “owned and occupied” in accordance with Article VII, Section 20(A)(1) of the Louisiana Constitution. From there we conclude that Mr. Nichols is exempt from taxes “to the extent of seven thousand five hundred dollars of the assessed valuation.” Id.
Further, in accordance with La. Civil Code art. 477(B), Mr. Nichols is considered the “owner” of the subject property via a Bond-for-Deed contract for the purpose of obtaining a homestead exemption.
The law is plainly clear. There is no question that Mr. Nichols is a homebuyer who purchased through a Bond-for-Deed contract and that the property in which he lives is residential and falls specifically within the meaning of the laws provided.
The appellant however, maintains that La. Civil Code art. 477 is unconstitutional and not only conflicts with itself, but conflicts with Article VII, Section 20(A)(1) of the Louisiana Constitution. Statutes are presumed constitutional, and any doubt is to be resolved in the statute’s favor. State v. Brenner, 486 So.2d 101, 103 (La.1986). State v. Griffin, 495 So.2d 1306, 1308 (La.1986); Theriot v. Terrebonne Parish Police Jury, 436 So.2d 515, 520 (La.1983); City of Lake Charles v. Henning, 414 So.2d 331 (La.1982); State in Interest of J.A.V. 558 So.2d 214 at 216 (La.1990).
1/The City’s extensive argument, in an effort to show the unconstitutionality of the homestead exemption statute, adopts the notion that a Bond-for-Deed owner is not necessarily a true “owner” as described in La. Civil Code art. 477(A). The City further argues that “Bond-for-Deed” as defined in La. R.S. 9:2941 corroborates that the seller remains the owner until the title is collected on in full. Neither the record, nor the briefs, indicate that Mr. Nichols and the previous owner[2] both seek to benefit from the homestead exemption status.. If anything,-the laws were extended to protect the tax assessor from instances whereby people seek to “double dip” in their homestead exemption, we cannot say that this is one of those instances. Mr. Nichols seeks what is rightfully owed to him as a property owner in the city of New Orleans. The district court did not err in finding in favor of Mr. Nichols. Further, we agree with the district court in finding that the City’s argument that La. Civil Code art. 477 is unconstitutional is without merit.
Decree
For the reasons stated herein, we affirm the judgment of the district court granting summary judgment in favor of Gregory P. Nichols.
AFFIRMED
MURRAY, J., concurred and assigned reasons.
McKAY, J., concurred in the results.

. Mr. Williams is named as the defendant in the original petition. However, the City takes this appeal on his behalf.

. The City would, argue that the previous owner remains the seller.